Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

Columbia Division

RCVD – USDC COLA SC
JUN 12 '25 AM10:28

| | |
|---|---|
| Frank M Haynie <br> *Plaintiff(s)* <br> -v- <br> Gayle Karolczyk <br> Laura H Clark <br> Michael Crosett <br> MLPF&S <br> *Defendant(s)* | Case No. 2:25-cv-5331-RMG-MGB <br> (to be filled in by the Clerk's Office) <br><br> Jury Trial: *(check one)*   Yes ☒   No ☐ |

## COMPLAINT FOR A CIVIL CASE
(28 U.S.C. § 1332; Diversity of Citizenship)

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

|  |  |
|---|---|
| Name | Frank M Haynie |
| Street Address | 1469 Florawood Dr. |
| City and County | Columbia, Richland |
| State and Zip Code | SC, 29204 |
| Telephone Number | 803 605-9676 |
| E-mail Address | Doc@DocWild.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.    The Defendant(s)**

Defendant No. 1
    Name                              Gayle Karolczyk
    Job or Title *(if known)*         CEO Francis Marion
    Hotels Street Address             1348 Polly Point Rd
    City and County                   Wadmalaw Island, Charleston Cty
    State and Zip Code                SC 29487
    Telephone Number                  (843) 442-5450
    E-mail Address *(if known)*       gkarolczyk@thefrancismarion.com

Defendant No. 2
    Name                              Laura H Clark
    Job or Title *(if known)*         Financial Advisor
    Street Address                    75 Port City Lndg STE 500
    City and County                   Mount Pleasant, Charleston Cty
    State and Zip Code                SC, 29464
    Telephone Number                  (843) 800-
    6808 E-mail Address *(if known)*

Defendant No. 3
    Name                              Michael Crosett
    Job or Title *(if known)*         Mkt Supervision Mgr
    Street Address                    75 Port City Lndg STE 500
    City and County                   Mount Pleasant, Charleston Cty
    State and Zip Code                SC, 29464
    Telephone Number                  (843) 800-6841
    E-mail Address *(if known)*       michael_crosett@ml.com

Defendant No. 4
    Name                              MLFP&S
    Job or Title *(if known)*         c/o CT Corp (reg
    agent) Street Address             160 Mine Lake
    City and County                   Raleigh, Wake Cty
    State and Zip Code                NC, 27615

Telephone Number    (888) 755-1133   E-mail Address *(if known)*

## II. Basis for Jurisdiction

☐ Federal question     ☒ Diversity of citizenship

1. **The Plaintiff(s)**

   a. The plaintiff, **Frank M. Haynie**, is a citizen of the State of South Carolina.

2. **The Defendant**(s)

   a. The defendant, **MLPF&S** is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New York.

   b.

3. The Amount in Controversy

   The amount in controversy is greater than $2,000,000

## III. Statement of Claim:

**Preface**:

Colonel Frank M Haynie, the plaintiff's father, died in early 1997 leaving an estate valued at $610,000 after taxes. The plaintiff being a retired SEC registered investment advisor and municipal bond hedge fund manager for Interstate Securities Inc, took over handling The Estate for his mother, Lydia Haynie (Lydia). Lydia bought a home in Beaufort, South Carolina and remodeled it extensively for about $400,000, leaving a little over $200,000 cash to invest.

Over the next 10 years, the plaintiff increased the estate to about $1.6 million. Early 2007 Lydia bought and remodeled a Sumter South Carolina house for about $400,000 then sold the Columbia house losing a little over $100,000. The Plaintiff bought about $200,000 of discounted municipal bonds that year then liquidated the S&P tracking fund in November 2007. At Lydia's request, the account was transferred. Before doing so Plaintiff bought $200,000 long-term Bank Jumbo CDs. Plaintiff then transferred $742,000 to Merrill Lynch. Not much is known of the details, but a lot of money was lost via the misdeeds of the other 2 siblings. Lydia moved to Mt. Pleasant and bought another home around 2009 then disinherited siblings Robert and Barbara

**Claim**:

Lydia died February 2024 at age 99. Upon distribution of the estate, it was learned that a trust was

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

created in 2013 naming Gayle Karolczyk (Trustee) the trustee with full investment authority. Apparently at the same time the plaintiff, who had been executor since 1976, was removed as executor without notification.

The defendants owe a fiduciary duty to the plaintiff, a beneficiary of the estate. The Trustee has an even higher duty to the plaintiff via Unified Trust Law.

The core issue is breach of fiduciary duty whereby the defendants took control of management of the Trust account in 2013, when the value was $722,758 and delegated management to Merril Lynch advisor, Laura Clark, who charged for professional management. The account was liquidated and $775,000 was distributed to the beneficiaries June 2024. Other than an initial investment proposal letter (attached) to the plaintiff, nothing further was ever disclosed about the account. Not much was different when the Trustee took control than when the original account was opened other than the value. Lydia had military retirement benefit, SS and income from her bonds, totaling $75,000 per year. She had Tricare health benefits and had no debt so there was nothing to hinder the investment style. The Trustee was free to invest in anything as long as the account was diversified pursuant to the law.

Though documents were requested (letters attached) and a FINRA action was booked November 2024, access to the records was refused. Until those documents are produced, the defendant can only speculate on the required course of this action.

There is strong circumstantial evidence that there was a Civil Conspiracy to defraud the plaintiff whereby the Trust account paid management fees that were actually used for management of the Trustees substantial personal accounts. In addition, in violation of the Prudent Investor Rule, other than the bonds the plaintiff bought years earlier, the assets remained in a Merrill Lynch money market for years. Not investing is a clear violation.

Of course, we will amend our pleadings when we see the files.

## IV.    Relief

Using the S&P as a gauge, the market quadrupled in the 11 years the defendants managed it; therefore, the plaintiff could reasonably expect the estate to be near $3,000,000. The facts regarding the defendant's actions are so egregious that some sort of punitive or exemplary damages are expected by the plaintiff. However, filing pro-se, the Plaintiff has no idea how to calculate an amount. In addition, it's not clear if it's allowed (revenge is not the purview of the courts).

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     10/05/2025

Signature of Plaintiff     _[signature]_

(hand signed document will be mailed)

Printed Name of Plaintiff:     Frank M. Haynie