**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Frank M. Haynie, | Case No. 2:25-5331-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Gayle Karolczyk, *et al.* | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this pro se action be summarily dismissed for lack of federal jurisdiction without leave to amend. (Dkt. No. 15). Plaintiff was given notice that he had 14 days from the date of the R & R to file any objections, which, with three additional days for mailing, required the filing of objections on or before August 17, 2025. No objections have been received by the Court.

**I.    Background**

Plaintiff, acting *pro se*, filed this action against his sister, Defendant Karolczyk, two investment advisors, and Merrill Lynch (referenced as "MLPF&S") for various state claims related to the alleged mismanagement of his mother's estate. The Magistrate Judge carefully reviewed the jurisdictional basis of the case and determined that there was no complete diversity of the parties, no federal question jurisdiction, and no plausibly pled § 1983 conspiracy claim. (Dkt. No. 15 at 4-8). The Magistrate Judge recommended the dismissal of the action without leave to amend. (*Id*. at 8-9). No objections were filed to the R & R.

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the Court lacks jurisdiction over the claims asserted in the Complaint. Consequently, the Court finds that dismissal without leave to amend is the proper disposition of this case.

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 15) as the Order of the Court and **DISMISSES** this action without leave to amend.

**AND IT IS SO ORDERED.**

                                                                                           s/ Richard Mark Gergel
                                                                                          Richard Mark Gergel
                                                                                          United States District Judge

August 25, 2025
Charleston, South Carolina